**GREAT NORTHERN SAVINGS COMPANY**

v.

**HOUSTON et al., Appellees; Nigolian et al., Appellants.**

[Cite as *Great N. Savings Co. v. Houston* (1992), 81 Ohio App.3d 259.]

Court of Appeals of Ohio,
Summit County.

No. 15172.

Decided Jan. 15, 1992.

*Frederick S. Corns,* for Great Northern Savings Co.
*William Dick Coombs,* for James E. Houston et al.
*Lester S. Potash,* for Candice W. Nigolian et al.

Cacioppo, Judge.

On October 7, 1989, N. Stephen and Candice W. Nigolian and James E. and Barbara R. Houston entered into a rent-option purchase agreement with addenda. Subsequently, Great Northern Savings Company filed a complaint seeking foreclosure, naming the Houstons and Nigolians as defendants. The Nigolians, the tenants of the property, filed a cross-claim against the Houstons, seeking, among other things, specific performance of the rent-option purchase agreement.

On April 19, 1991, the trial court issued an order of specific performance. Thereafter, on April 21, 1991, the trial court heard numerous issues raised by the parties regarding the specific performance issue. The trial court issued an order on May 21, 1991, finding the Nigolians delinquent in rent, that the Nigolians owed the Houstons for a sewer hook-up, and that to comply with the agreement the Nigolians would have to place the purchase funds in escrow for a period of forty-five days.

This court was advised during oral argument that the Houstons had conveyed good and marketable title to the subject property, and that, as such, certain portions of the assignments of error had been rendered moot.

## Assignment of Error No. I

"The trial court erred in determining the criteria for the exercise of the option to purchase by requiring that the purchase funds must remain on deposit with the escrow agent for 45 days before the date of title transfer."

The Nigolians contend that the trial court erred in holding that purchase funds had to remain on deposit forty-five days prior to the transfer of title.

The rent-option purchase agreement provides in part that "Optionee and Optionor agree to deposit all funds necessary to closing and to execute the necessary instruments and transfer title on or before 45 days after * * * timely exercise of the option * * *." Based upon this language, the trial court could reasonably conclude that the option was properly exercisable by deposit of the purchase funds and that the seller had forty-five days from that date to convey title before the Nigolians could seek relief.

As we do not deem the trial court's interpretation of the agreement unreasonable, we must find the first assignment of error to be without merit.

## Assignment of Error No. II

"The trial court erred in not ordering any setoffs from the purchase price.

"A. The trial court erred in not reducing the purchase price by $1,000.00 per month for each month rent was paid.

"B. The trial court erred in not reducing the purchase price by $2,500.00 per month for the three months that 'rent' was [paid] but should not have been paid.

"C. The trial court erred in requiring the Nigolians to continue to pay monthly rent to the Houstons."

In a memorandum to this court, the Nigolians have conceded that Assignment of Error Nos. II A and B have been rendered moot by events subsequent to the filing of the notice of appeal.

After reviewing the record, we must conclude that the Nigolians failed to properly exercise the option. The record reflects that while the Nigolians may have intended or attempted to exercise the option, they never placed the purchase funds in escrow for a sufficient time in which the transfer could occur. As the option was not properly exercised by the Nigolians, the rent-

option purchase agreement remained in force under which the Nigolians were still obligated to pay rent.

Based upon the foregoing, the second assignment of error is without merit and is hereby overruled.

### Assignments of Error Nos. III and IV

"III. The trial court erred in determining that the Nigolians have not performed per the terms of the agreement.

"IV. The trial court erred in determining that the Houstons were capable of transferring clear and marketable title to the Nigolians."

Based upon our disposition in the second assignment of error, that the Nigolians failed to properly exercise the option, the third assignment of error is without merit.

While the Nigolians attempted to establish that they had performed, or at least had been ready and willing to do so, there was sufficient testimony before the trial court from which it could conclude that they had not sufficiently performed in accordance with the agreement.

In the fourth assignment of error, the Nigolians contend that the trial court erred in finding that the Houstons were ready, willing and capable of performing. A review of the entry of the court, however, reveals that no such finding was made. Rather, the trial court repeated a witness' testimony that the clouds on the title could be removed if the funds were placed in escrow. Rather than making a finding concerning the Houstons' ability to perform, the journal entry indicates that the trial court is giving the Houstons an opportunity to perform following a proper exercise of the option and leaving the Nigolians' remedies open in the event of nonperformance. Accordingly, we can find no error in this regard.

The third and fourth assignments of error are overruled.

### Assignment of Error No. V

"The trial court erred in not granting the Nigolians equitable relief to place the Nigolians in same or similar situation had the Houstons performed per the terms of the agreement."

Based upon our holding that the agreement remained in effect due to the Nigolians' failure to properly exercise the option, the fifth assignment of error is necessarily without merit.

The fifth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.